UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO: 3:09-cv-307-RJC-DCK

| | |
|---|---|
| HENRY POL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| | ) |
| FEDERAL RESERVE BANK OF NEW, | ) |
| YORK, CITIGROUP, CITIMORTGAGE, | ) |
| INC., BANK OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Dismiss" (Document No. 3) filed on August 26, 2009, by Defendants Citigroup, Inc. and CitiMortgage, Inc. (the "Citi Defendants"). The *pro se* Plaintiff Henry Pol ("Plaintiff") has not filed a response, and the time for doing so has passed. Having fully considered the record, including the motion and supporting memorandum, (Document Nos. 3, 4), the undersigned recommends that the motion to dismiss be **granted** for the following reasons:

### I. Background

On July 27, 2009, Plaintiff's real property was sold at a foreclosure sale. In an apparent attempt to forestall or interfere with the foreclosure, the *pro se* Plaintiff filed on the same day the present action against four banks, labeling it as a "Complaint and Emergency Petition for Temporary Restraining Order." (Document No. 1). Plaintiff seeks to recover treble damages for an alleged conspiracy involving the four banks, describing them as "pawns" of the Rockefeller and Rothschild families and indicating the purpose of the conspiracy was "to enslave the people of the United

States." (*Id.*). In his Complaint, the *pro se* Plaintiff indicates he is bringing claims for: 1) violation of 18 U.S.C. § 1961, et seq. ("RICO"); 2) common law conspiracy; and 3) fraud. Plaintiff seeks compensatory and punitive damages, including treble damages under 18 U.S.C. § 1964(c).

Plaintiff does not provide any relevant information about the foreclosure of his real property in his Complaint. However, the Citi Defendants point out that foreclosure pleadings are a matter of public record, and this Court may take judicial notice of court records when considering a Rule 12(b)(6) motion without converting the motion to one for summary judgment. See, e.g., *Witthohn v. Federal Ins. Co.*, 164 Fed. Appx. 395 (4th Cir. 2006) (holding that a state-court filings are public records of which a federal court may take judicial notice when deciding a motion to dismiss); *Suntrust Mortg., Inc. v. Busby*, --- F.Supp.2d ----, 2009 WL 2713187 (W.D.N.C. 2009); *Norfolk Southern Ry. Co. v. Shulimson Bros. Co., Inc.*, 1 F. Supp. 2d 553, 555 n.1 (W.D.N.C. 1998). *Dillahunt v. Clark*, 2009 WL 1382606, *3 (E.D.N.C. 2009). The Citi Defendants have submitted the following public records from Plaintiff's foreclosure proceedings: Notice of Hearing on Foreclosure of Deed of Trust; Order Continuing Hearing; Order Allowing Foreclosure; Final Report of Sale and Recorded Trustee's Deed. (Document No. 4, Exhibit A).

Based on these court records, the Citi Defendants indicate in their memorandum that:

> Plaintiff is the former owner of real property, which was subject to a deed of trust held and serviced by CitiMortgage, Inc. Plaintiff defaulted on the loan secured by the deed of trust, and CitiMortgage, Inc. requested that the trustee under the deed of trust institute a foreclosure proceeding. See Exhibit A. A foreclosure hearing was held on July 6, 2009, and the Clerk of Superior Court for Mecklenburg County entered an order allowing the trustee to conduct a foreclosure sale. Id. The trustee held a public sale on July 27, 2009. Id. Following the statutory ten day upset bid period, the trustee under the deed of trust recorded a deed conveying title to the high bidder at the sale. Id. The Clerk of Court for Mecklenburg County has since

> audited and accepted the final report for the foreclosure. Id. Thus the foreclosure action is now closed.

(*Id.*, p. 2).

## II. Analysis

To withstand a motion to dismiss, the facts alleged "must be enough to raise a right to relief above the speculative level" and must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The United States Supreme Court recently emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* – U.S. – , 129 S.Ct. 1937, 1954 (2009). The court "should view the complaint in the light most favorable to the Plaintiff." *Mylan Labs, Inc. v. Matkar*, 7 F.3d 1130, 1134 (4th Cir. 1993). The court must accept as true all well-pleaded factual allegations in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1 (2002), but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

A motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), *cert. denied*, 510 U.S. 828 (1993), *citing* 5A C. Wright & A. Miller, Federal Practice and Procedure § 1356 (1990). The Plaintiff is proceeding *pro se*, and the Court will construe his pleadings liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nonetheless, a pleading that merely offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

As the basis for his claims of RICO violation, common law conspiracy, and fraud, Plaintiff alleges a conspiracy theory ungrounded in any specific facts. The Plaintiff's allegations in his Complaint are conclusory and fail to provide notice of any specific wrongful acts by the Citi Defendants. Plaintiff has not alleged any facts or actions that would provide any plausible basis for them to be liable under 18 U.S.C. § 1961, et seq. ("RICO"), common law conspiracy, or fraud.

With respect to RICO, Plaintiff alleges that Defendants have violated 18 U.S.C. § 1961. However, this section merely defines terms. Section 1962 provides RICO's criminal prohibitions, and each of its four subsections prohibits different behavior. Plaintiff's Complaint does not indicate which subsection allegedly applies. Generally, to state a RICO claim, a plaintiff must allege: (1) the defendant's employment by or association with (2) an enterprise (3) engaged in or affecting interstate commerce (4) the affairs of which the defendant conducts or participates in through a pattern of racketeering activity. *Bridge v. Phoenix Bond & Indem. Co.*, 128 S.Ct. 2131, 2137-38 (2008).

To state a claim for civil conspiracy under North Carolina law, a plaintiff must allege: (1) an agreement between two or more persons; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) which agreement results in injury to the plaintiff. *Boyd v. Drum*, 129 N.C. App. 586, 592 (1998), *aff'd*, 350 N.C. 90 (1999). A bare claim of civil conspiracy cannot be brought independent of properly-alleged claims of underlying wrongdoing and is subject to dismissal if the underlying claims for wrongful conduct are dismissed. *Suntrust Mortg., Inc. v. Busby*, --- F.Supp.2d ----, 2009 WL 2713187 (W.D.N.C. 2009).

To state a claim for fraud under North Carolina law, a Plaintiff must allege the following elements: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to

the injured party." *S.N.R. Management Corp. v. Danube Partners, LLC*, 659 S.E.2d 442, 449 (N.C.App. 2008).

Plaintiff's Complaint fails to satisfy the elements of all three causes of action. With respect to RICO, the statute defines "racketeering activity" as the violation of state and federal criminal laws. 18 U.S.C. § 1961(1). Plaintiff has not alleged that the Citi Defendants engaged in "racketeering activity" as defined by the statute. The Complaint refers in conclusory fashion to a "criminal enterprise," but alleges no specific unlawful acts by the Citi Defendants. The Complaint does not allege any *facts* showing a connection between the defendants, including the Citi Defendants. Although Plaintiff contends (without any supporting facts) that the Federal Reserve Bank of New York controls "all institutions" in the United States, the Court "need not accept as true ... unreasonable conclusions." *Giarratano*, 521 F.3d at 302.

To plead a pattern of racketeering activity, a complaint must allege continuity (*i.e.*, the existence of a series of criminal acts or the threat of continuing criminal acts) and a relationship between the acts (*i.e.*, sharing common purposes, results or methods). *H.J. Inc v. Northwestern Bell Tele. Co.*, 409 U.S. 229, 240-41 (1989). The Complaint does not allege any facts showing that the Citi Defendants are employed by or associated with the alleged enterprise. The Citi Defendants also point out that to have standing to sue under RICO, a plaintiff must allege facts showing proximate causation of the injury. *Caviness v. DeRand Resources Corp.*, 983 F.2d 1295, 1305 (4th Cir. 1993) (explaining that "the predicate conduct be in the causative chain connecting it to the damage claimed" and "the relationship between conduct and damage must be proximate"). The Complaint does not contain any factual allegations concerning a relationship between the alleged conspiracy and the foreclosure of Plaintiff's mortgage.

Plaintiff's conspiracy theory is based on a quotation of David Rockefeller (who is not a party here) from an unspecified 2002 book. Plaintiff sets forth a quotation without any context and misconstrues its meaning. (Document No. 1, ¶¶ 16-17). Variations of "conspiracy" theories are routinely dismissed for failure to state a claim. See e.g., *Silverman v. Lewis*, 2009 U.S. Dist. LEXIS 35109 (N.D. Cal. April 7, 2009)(dismissing claim that challenged foreclosure on basis that his loan was part of a scheme by the Federal Reserve to enslave the people of the United States); *Frances Kenny Family Trust v. World Savings Bank*, 2005 U.S. Dist. LEXIS 2403 (N.D. Cal. January. 19, 2005)(same). Although Plaintiff refers to "conspiracy," Plaintiff's Complaint does not set forth any facts regarding an agreement among the Defendants to commit any unlawful acts, nor does it allege that any agreement resulted in injury to the Plaintiff.

With respect to fraud, the Complaint fails to identify any material misrepresentations by the Citi Defendants and does not state that any alleged misrepresentation was made with knowledge of falsity. Plaintiff does not allege that any misrepresentation was made with the intention that he act upon it, that he actually acted upon any misrepresentation, or that he was injured or his property damaged as a result of any misrepresentation. Essentially, Plaintiff makes no factual allegations to support his claims and fails to plead the elements of fraud with the requisite particularity. Fed.R.Civ.P. Rule 9. Hence, Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted. While the undersigned is sympathetic with the plight of people undergoing foreclosure of their homes, the present Complaint simply does not set forth sufficient facts to support any viable causes of action against the Defendants.

Finally, the Citi Defendants also point out that the Plaintiff has not properly served either CitiMortgage, Inc. or Citigroup, Inc. with service of process. Plaintiff merely sent a copy of the

complaint by facsimile to CitiMortgage's foreclosure counsel but has otherwise not served these Defendants. The Citi Defendants indicate that they are nonetheless moving pursuant to Rule 12(b)(6) in the interests of obtaining an expeditious ruling.

**IT IS, THEREFORE, RECOMMENDED** that the "Motion to Dismiss" (Document No. 3) should be **GRANTED.**

### Notice of Appeal Rights

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions law and the recommendations contained in this memorandum must be filed within ten (10) days after service of same. *Snyder v. Ridenour*, 889 F.2d 1363, 1365 (4th Cir.1989); *United States v. Rice*, 741 F.Supp. 101, 102 (W.D.N.C.1990). Failure to file objections to this memorandum with the District Court constitutes a waiver of the right to *de novo* review by the District Court, *Snyder*, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir.1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984).

Signed: October 28, 2009

David C. Keesler
United States Magistrate Judge