UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO: 3:09-cv-307-RJC-DCK

| | |
|---|---|
| HENRY POL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | |
| FEDERAL RESERVE BANK OF NEW, ) | |
| YORK, CITIGROUP, CITIMORTGAGE, ) | |
| INC., BANK OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Defendant Federal Reserve Bank of New York's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim" (Document No. 5) filed on August 27, 2009. The *pro se* Plaintiff Henry Pol ("Plaintiff") has not filed a response, and the time for doing so has passed. Having fully considered the record, including the motion, supporting memorandum, and affidavit (Document No. 5-7), the undersigned recommends that the motion be **granted** for the following reasons:

### I. Background

On July 27, 2009, Plaintiff's real property was sold at a foreclosure sale through state court. In an apparent attempt to forestall or interfere with the foreclosure on his property, the *pro se* Plaintiff filed on July 27, 2009 the present action against the four banks, labeling it as a "Complaint and Emergency Petition for Temporary Restraining Order." (Document No. 1). Plaintiff seeks to recover treble damages for an alleged conspiracy by four banks, described as "pawns" of the Rockefeller and Rothschild families, "to rob and enslave the people of the United States." (*Id.*). In

his Complaint, the *pro se* Plaintiff indicates he is bringing claims for: 1) violation of 18 U.S.C. § 1961, et seq. ("RICO"); 2) common law conspiracy; and 3) fraud. Plaintiff seeks compensatory and punitive damages, including treble damages under 18 U.S.C. § 1964(c).

## II. Issues Before the Court

Defendant Federal Reserve Bank of New York ("Defendant" or "New York Fed") moves for dismissal of all claims on two grounds: lack of personal jurisdiction pursuant to Rule 12(b)(2) and failure to state a claim for which relief may be granted pursuant to Rule 12(b)(6). Fed.R.Civ.P. 12(b)(2, 6).

## III. Analysis

### A. Lack of Personal Jurisdiction

On a defendant's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the burden is on the plaintiff to prove the grounds of jurisdiction by a preponderance of the evidence. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993); *Combs v. Baker*, 886 F.2d 673, 676 (4th Cir. 1989); Fed.R.Civ.P. 12(b)(2). When a district court determines personal jurisdiction on the basis of briefs and the allegations in the complaint, without an evidentiary hearing, "the plaintiff bears the burden making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Consulting Engineers, Inc. v. Geometric Limited*, 561 F.3d 273 (4th Cir. 2009) (citing *Combs*, 886 F.2d at 676); *see also, Sweezy v. Specialized Bicycle Components, Inc.* 2009 WL 382719, *1 (W.D.N.C. 2009) ("the burden is on the plaintiff to make a prima facie showing that personal jurisdiction exists"). The Court must construe all relevant pleading allegations in the light most favorable to the plaintiff. *Id*.

Defendant asserts that Plaintiff has not established general or specific jurisdiction over it. See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411 (1984) (explaining that a defendant must have either "continuous and systematic" contacts with the forum state or sufficient "minimum contacts" with the forum state if the claim arises from the defendant's activities in the state). Defendant has submitted the Affidavit of Rona Stein, the Assistant Corporate Secretary of the Federal Reserve Bank of New York. She indicates that "the New York Fed has no offices, employees, property, or any other tie to the State of North Carolina." (Document No. 7, Stein Aff. ¶ 7). She indicates that the "New York Fed has never conducted any official business relating to plaintiff Henry Pol." *(Id.* ¶ 9). She indicates that the New York Fed has not purposefully directed any of its activities either at Plaintiff or the State of North Carolina, has no physical presence within North Carolina, and has no employees, agents, or property within North Carolina. *(Id.* ¶ 8-10).

In other words, the Defendant has no connection whatsoever to Plaintiff's real property or its foreclosure. *See EASB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623-24 (4th Cir. 1987) (discussing the threshold level of minimum contacts required for jurisdiction). Plaintiff has not responded to the motion to dismiss, and his Complaint fails to indicate any plausible basis for personal jurisdiction. Plaintiff has failed to carry his burden of making a *prima facie* showing of a sufficient jurisdictional basis to survive the motion to dismiss.

### B. Failure to State a Claim

The New York Fed also moves to dismiss pursuant to Rule 12(b)(6). To withstand a motion to dismiss, the facts alleged "must be enough to raise a right to relief above the speculative level" and must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The United States Supreme Court recently emphasized that

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* – U.S. – , 129 S.Ct. 1937, 1954 (2009). The court "should view the complaint in the light most favorable to the Plaintiff." *Mylan Labs, Inc. v. Matkar*, 7 F.3d 1130, 1134 (4th Cir. 1993). The court must accept as true all well-pleaded factual allegations in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1 (2002), but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

A motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), *cert. denied*, 510 U.S. 828 (1993), *citing* 5A C. Wright & A. Miller, Federal Practice and Procedure § 1356 (1990). The Plaintiff is proceeding *pro se*, and the Court will construe his pleadings liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nonetheless, a pleading that merely offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

As the basis for his claims of RICO violation, common law conspiracy, and fraud, Plaintiff alleges a far-fetched conspiracy theory, rather than any specific facts. Defendant aptly points out:

> In a Complaint long on conspiracy theories but short on specifics, Pol attempts to use the judicial system as a vehicle to express his frustrations over the foreclosure of his property, an action the New York Fed had absolutely no knowledge of nor involvement with. Because Pol cannot identify any actions the New York Fed took that caused his injury, he makes vague accusations that the New York Fed "controls all financial institutions in the United States" and that the New York Fed is the central agent in a century-old plot to enslave the American people. Compl. ¶¶12-18. Pol alleges that these unidentified

schemes (rather than his own failure to comply with the terms of his mortgage contract) resulted in the foreclosure of his property. Id. ¶19.

(Document No. 6). The Plaintiff's allegations in his Complaint are conclusory and fail to provide notice of any specific wrongful acts by the New York Fed. Plaintiff has not alleged any facts or actions that would provide any plausible basis for the New York Fed to be liable under 18 U.S.C. § 1961, et seq. ("RICO"), common law conspiracy, or fraud.

With respect to RICO, Plaintiff alleges that Defendants have violated 18 U.S.C. § 1961. However, this section merely defines various terms. Section 1962 provides RICO's criminal prohibitions, and each of its four subsections prohibits different behavior. Plaintiff's Complaint does not indicate which subsection allegedly applies. In any event, to state a RICO claim, a plaintiff must allege: (1) the defendant's employment by or association with (2) an enterprise (3) engaged in or affecting interstate commerce (4) the affairs of which the defendant conducts or participates in through a pattern of racketeering activity. *Bridge v. Phoenix Bond & Indem. Co.*, 128 S.Ct. 2131, 2137-38 (2008).

To state a claim for civil conspiracy under North Carolina law, a plaintiff must allege: (1) an agreement between two or more persons; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) which agreement results in injury to the plaintiff. Boyd v. Drum, 129 N.C. App. 586, 592 (1998), *aff'd*, 350 N.C. 90 (1999). A bare claim of civil conspiracy cannot be brought independent of properly-alleged claims of underlying wrongdoing and is subject to dismissal if the underlying claims for wrongful conduct are dismissed. *Suntrust Mortg., Inc. v. Busby*, --- F.Supp.2d ----, 2009 WL 2713187 (W.D.N.C. 2009).

To state a claim for fraud under North Carolina law, a Plaintiff must allege the following elements: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *S.N.R. Management Corp. v. Danube Partners, LLC*, 659 S.E.2d 442, 449 (N.C.App. 2008).

Plaintiff's Complaint fails to satisfy the elements for these causes of action, including RICO. Plaintiff merely alludes to a "Rockefeller-Fed conspiracy" to "rob and enslave the people of the United States" but provides no relevant facts relating to the foreclosure of his own real property. Plaintiff's conspiracy theory is based on an alleged quotation of David Rockefeller (who is not a Defendant here) from an unspecified 2002 book. Plaintiff sets forth the quotation out of context and mangles its meaning. (Document No. 1, ¶¶ 16-17). Variations of "conspiracy" theories are routinely dismissed for failure to state a claim. See e.g., *Silverman v. Lewis*, 2009 U.S. Dist. LEXIS 35109 (N.D. Cal. April 7, 2009)(dismissing claim that challenged foreclosure on basis that his loan was part of a scheme by the Federal Reserve to enslave the people of the United States); *Frances Kenny Family Trust v. World Savings Bank*, 2005 U.S. Dist. LEXIS 2403 (N.D. Cal. January. 19, 2005)(same).

The Complaint fails to allege that the Defendants have committed an unlawful act or engaged in a pattern of racketeering activity. Plaintiff fails to identify any material misrepresentations by the New York Fed and does not state that any alleged misrepresentation was made with knowledge of its falsity. He does not allege that any misrepresentation was made with the intention that he act upon it, that he actually acted upon any misrepresentation, or that he was injured or his property damaged as a result of any misrepresentation. Essentially, Plaintiff makes no factual allegations to support

his claims. The New York Fed asserts that it had absolutely no involvement with Pol or his property, and made no representations, much less any material misrepresentations, to Pol. Moreover, Plaintiff fails to plead any of the elements of fraud with the requisite particularity. Fed.R.Civ.P. Rule 9. Hence, Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

**IT IS, THEREFORE, RECOMMENDED** that the "Defendant Federal Reserve Bank of New York's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim" (Document No. 5) should be **GRANTED**; the Complaint should be **dismissed.**

### Notice of Appeal Rights

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions law and the recommendations contained in this memorandum must be filed within ten (10) days after service of same. *Snyder v. Ridenour*, 889 F.2d 1363, 1365 (4th Cir.1989); *United States v. Rice*, 741 F.Supp. 101, 102 (W.D.N.C.1990). Failure to file objections to this memorandum with the District Court constitutes a waiver of the right to *de novo* review by the District Court, *Snyder*, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir.1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984).

Signed: October 28, 2009

David C. Keesler
United States Magistrate Judge